THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| R. ALEXANDER ACOSTA,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>LOCAL 230, AMERICAN POSTAL<br>WORKERS UNION,<br><br>Defendant. | Civil Action No. |

# COMPLAINT

Plaintiff R. Alexander Acosta, Secretary of Labor, alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action under Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (the "Act"), 29 U.S.C. §§ 481-483, as applied to Local 230, American Postal Workers Union ("Defendant") by the Postal Reorganization Act, 39 U.S.C. § 1209(b), for a judgment declaring that the March 2, 2019 election conducted by Defendant for the offices of President, Executive Vice-President, Secretary-Treasurer, Clerk Craft Director, Maintenance Craft Director, Motor Vehicle Craft Director, Nashua Logistics and Distribution Center Director, Area Business Agent A, Area Business Agent B, Area Business Agent C, Human Resources Director, and Legislative Director is void and directing Defendant to conduct a new election for these offices under Plaintiff's supervision, and for other appropriate relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3. Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff R. Alexander Acosta is the duly appointed Secretary of Labor, United States Department of Labor.  Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5. Defendant is, and at all times relevant to this action has been, an unincorporated association residing within, and maintaining its principal office in, the County of Hillsborough, New Hampshire, within the jurisdiction of this district.

## FACTUAL ALLEGATIONS

6. Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i) and (j) and 401(b) of the Act, 29 U.S.C. §§ 402(i) and (j) and 481(b).

7. Defendant has approximately 810 members who are employed by the United States Postal Service at 81 facilities across New Hampshire and Southern Maine.

8. Defendant, purporting to act pursuant to its constitution and bylaws and the constitution of the American Postal Workers Union, conducted an election of officers on March 2, 2019, and this election was subject to the provisions of Title IV of the Act, 29 U.S.C. §§ 481-483.

9. A proposal to amend Defendant's Manchester Area Local Constitution (local constitution) to impose a new requirement ("attendance requirement") on members seeking to run for union office was read at the June 2018 General Meeting.

10. The amendment provided in relevant part: "[t]o be considered eligible, candidates must have attended or been excused from three (3) general membership meetings during the previous five-month period ending with the nomination meeting. Candidates requesting to be excused from the membership meeting requirement shall do so in advance by submitting a request in writing to the Executive Board. The Executive Board will vote to approve/disapprove the request for excusal and a simple majority will suffice."

11. The amendment was debated and approved during Defendant's September 5, 2018 General Meeting, which occurred five months before nominations were scheduled to take place.

12. Defendant did not provide adequate notice to its membership that the amendment had passed until November 2018; Defendant's website states that the amendment "[p]assed 11/7/2018."

13. Defendant revised its local constitution in November 2018 to incorporate the amendment.

14. In and around December 2018, Defendant utilized deficient procedures that failed to reasonably notify its membership of the opportunity to nominate and be nominated as candidates for union officer positions in the upcoming election.

15. Defendant maintains a list of mailing addresses for its 81 associate offices.

16. Only 9 of the 81 addresses on Defendant's mailing list include a point of contact identified by name; 3 of those 9 addresses are not for a Local 230 associate office, but rather for

the home address of the point of contact; the remaining 72 are addressed to "APWU Clerk in Charge, USPS."

17. Defendant's mailing list includes an inactive post office box for the Washington Street facility in Dover, New Hampshire.

18. In or around December 2018, Defendant mailed defective nominations notices to its 81 associate offices for posting at each respective office.

19. The responsibility for printing and mailing notices to the associate offices does not belong to any particular officer or member; Defendant's President, Dana Coletti, assigns the job to whoever is in the union office at the time.

20. Once a notice arrives at an affiliate office, Local 230 expects that office to post the notice.

21. Defendant does not follow up with the affiliate offices to determine whether they actually posted the notice; according to President Coletti, such follow up is "impossible."

22. The first notice distributed by Defendant consisted of 1) a flyer for its January 2019 General Membership Meeting that did not disclose nominations were going to be held; and 2) an attachment with information on the election and nominations procedures.

23. The first notice did not contain instructions regarding where, when, and for how long to post the documents.

24. In or around mid-December 2018, President Coletti saw the first notice on a union bulletin board and recognized that it was deficient.

25. President Coletti ordered that a second flyer be distributed to more clearly state that nominations would occur at the January meeting.

26. The second flyer was similar to the first, but included the following disclosure: "Nominations for General Officers will be held."

27. The second flyer did not contain the attachment with information on election and nominations procedures.

28. The second notice did not contain instructions regarding where, when, and for how long to post the document.

29. Nominations were held during Defendant's January 2, 2019 General Membership Meeting.

30. At the time of the nominations meeting, 96.67% of Defendant's membership was not eligible to run for office due to the newly enacted meeting attendance requirement.

31. During the January 2, 2019 nominations meeting, John Taddeo, a member in good standing of Defendant, was nominated for the office of President.

32. At the close of nominations, only one officer position was contested (Nashua Logistics and Distribution Center Director); incumbents were nominated and unopposed for six other positions; five positions received no nominations.

33. Defendant local's election committee (LEC or Election Committee) disqualified Taddeo because he did not satisfy the attendance requirement and because he was not present to accept his nomination.

34. Taddeo arrived late to the nominations meeting and verbally contested his disqualification, but the Election Committee did not reverse its decision.

35. By letter dated January 3, 2019, the Election Committee once again informed Taddeo of its decision to disqualify his candidacy for the office of President.

36. Article X, Section 1, Paragraph C of Defendant's local constitution establishes a two-step procedure for resolving election grievances: first, a member must complain to the Election Committee; second, a member has five days from the receipt of the Election Committee's decision to appeal to the National Election Appeals Committee ("NEAC"). The NEAC's decision is final.

37. Complainant filed a protest with the Election Committee in accordance with the above-described procedures by letter dated January 4, 2019.

38. The Election Committee considered Taddeo's complaint and affirmed the disqualification by letter dated January 7, 2019.

39. On January 8, 2019, Taddeo received the Election Committee's January 3 letter and believed that it disposed of his January 4 complaint.

40. Taddeo filed an appeal with the NEAC by letter dated January 10, 2019.

41. On January 12, 2019, Taddeo received the Election Committee's January 7 letter disposing of his January 4 complaint.

42. On January 16, 2019, Taddeo faxed the Election Committee's January 7 determination letter to the NEAC with the intent that it be incorporated into his appeal.

43. By letter dated February 28, 2019, the NEAC dismissed Taddeo's appeal as premature on the basis that he filed with the NEAC before he was in receipt of the Election Committee's decision.

44. In or around February 2019, Defendant failed to mail an election notice to each union member at his or her last known home address.

45. Defendant only mailed ballots to members it deemed eligible to vote in the one contested race (for Nashua Logistics and Distribution Center Director). The ballot packages,

however, did not include a deadline for returning ballots, did not specify more than the names of the two candidates in the contested race, and did not specify for which position those candidates were running.

46. On March 2, 2019, Defendant held its election and tallied the ballots.

47. On March 15, 2019, Taddeo received the NEAC's February 28 letter dismissing his appeal.

48. Having exhausted the remedies available and having received a final decision, Taddeo filed a timely complaint with the Secretary of Labor on April 3, 2019, within the one calendar month required by section 402(a)(1) of the Act, 29 U.S.C. § 482(a)(1).

49. By waiver signed May 15, 2019, Defendant agreed that the time within which the Plaintiff may bring suit with respect to the Defendant's aforesaid election be extended to June 17, 2019.

50. Pursuant to section 601 of the Act, 29 U.S.C. § 521, and in accordance with section 402(b) of the Act, 29 U.S.C. § 482(b), Plaintiff investigated the complaint and, as a result of the facts shown by his investigation, found probable cause to believe that: (1) violations of Title IV of the Act, 29 U.S.C. §§ 481-483, had occurred in the conduct of Defendant's March 2, 2019 election; and (2) such violations had not been remedied at the time of the institution of this action.

## CAUSE OF ACTION

51. Section 401(e) of the Act states that, "[i]n any election required by this section . . . a reasonable opportunity shall be given for the nomination of candidates and every member in good standing shall be eligible to be a candidate . . . subject to . . . reasonable qualifications

uniformly imposed[ ] and shall have the right to vote . . . . Not less than fifteen days prior to the election notice thereof shall be mailed to each member at his last known home address."

52. Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), when it denied members a reasonable opportunity to nominate candidates by imposing a candidacy qualification that was facially unreasonable because it had a restrictive effect on union democracy and was unduly burdensome.

53. Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), when it denied members a reasonable opportunity to nominate candidates by imposing a candidacy qualification that was unreasonable as applied to the March 2019 election because Defendant adopted the candidacy qualification only five months before nominations were scheduled to take place and only fully disclosed the new qualification to its membership less than three months before nominations were scheduled to take place, making the rule retroactive.

54. Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), when it denied members a reasonable opportunity to nominate candidates by failing to provide a nominations notice reasonably calculated to inform all members of the offices to be filled in the election, as well as the time, place, and form for submitting nominations.

55. Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), when it denied members a reasonable opportunity to vote by failing to mail an election notice to all members at their last known home address not less than 15 days prior to the election.

56. The above violations of section 401(e) of the Act, 29 U.S.C. § 481(e), may have affected the outcome of the election for the offices of President, Executive Vice-President, Secretary-Treasurer, Clerk Craft Director, Maintenance Craft Director, Motor Vehicle Craft

Director, Nashua Logistics and Distribution Center Director, Area Business Agent A, Area Business Agent B, Area Business Agent C, Human Resources Director, and Legislative Director.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(a)  declaring Defendant's election for the offices of President, Executive Vice-President, Secretary-Treasurer, Clerk Craft Director, Maintenance Craft Director, Motor Vehicle Craft Director, Nashua Logistics and Distribution Center Director, Area Business Agent A, Area Business Agent B, Area Business Agent C, Human Resources Director, and Legislative Director to be void;

(b)  directing Defendant to conduct a new election for these offices under the supervision of Plaintiff;

(c)  for the costs of this action; and

(d)  for such other relief as may be appropriate.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | JOSEPH H. HUNT<br>Assistant Attorney General |
|  | SCOTT W. MURRAY<br>United States Attorney |
| Dated:  June 17, 2019 | By:  /s/ Michael McCormack<br>Michael McCormack<br>Assistant U.S. Attorney, NH Bar No. 16470<br>U.S. Attorney's Office<br>53 Pleasant Street<br>Concord, NH  03301<br>(603) 225-1552<br>Michael.mccormack2@usdoj.gov |

OF COUNSEL:

KATE S. O'SCANNLAIN
Solicitor of Labor

BEVERLY DANKOWITZ
Associate Solicitor

ELEANORE SIMMS
Counsel for Civil Rights and Labor-Management Policy

KEVIN KOLL
Attorney
U.S. Department of Labor