UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| Eugene Scalia,<br>Secretary of Labor,[1]<br>United States Department of Labor,<br><br>    Plaintiff,<br>v.<br><br>Local 230, American Postal Workers Union,<br><br>    Defendant. | Case No. 1: 19-CV-00660-AJ |

## STIPULATION OF SETTLEMENT AND ORDER

Plaintiff, Eugene Scalia, Secretary of the United States Department of Labor ("Secretary" or "Plaintiff"), by and through Scott W. Murray, United States Attorney, and Michael McCormack, Assistant United States Attorney, having filed his complaint and Defendant, Local 230, American Postal Workers Union, ("Local 230" or "Defendant") having appeared by counsel and having answered, and in order to resolve this action without the necessity of further litigation, the parties stipulate and agree as follows:

1. Plaintiff brought this action on June 17, 2019, under the Labor-Management Reporting and Disclosure Act of 1959 (the "Act"), 29 U.S.C. §§ 481-483, as applied to Local 230 by the Postal Reorganization Act, 39 U.S.C. § 1209(b), requesting a judgment declaring that Local 230's election for the offices of President, Executive Vice-President, Secretary-Treasurer, Clerk Craft Director, Maintenance Craft Director, Motor Vehicle Craft Director, Nashua

---

[1] On September 26, 2019, Eugene Scalia was appointed Secretary of Labor, and is substituted as Plaintiff.

Logistics and Distribution Center Director, Area Business Agent A, Area Business Agent B, Area Business Agent C, Human Resources Director, and Legislative Director, which was concluded on March 2, 2019, be declared void and requesting that a new election for those offices be conducted under the supervision of Plaintiff.

2. Plaintiff alleged that violations of Title IV of the Act (29 U.S.C. § 481, *et seq.*) had occurred and had not been remedied at the time of the institution of this action.

3. Local 230 denies the violations alleged in this action.

4. Plaintiff and Defendant (collectively "the parties") agree that it is in the parties' best interest to resolve this lawsuit on mutually agreeable terms without further litigation. The parties agree to the entry of this Stipulation and Order without trial or further adjudication of any issues of fact or law raised in the Secretary's Complaint.

5. The parties agree to entry of an Order directing that the Secretary will conduct new nominations and a new mail ballot election under the supervision of the Secretary, for the offices of President, Executive Vice-President, Secretary-Treasurer, Clerk Craft Director, Maintenance Craft Director, Motor Vehicle Craft Director, Nashua Logistics and Distribution Center Director, Area Business Agent A, Area Business Agent B, Area Business Agent C, Human Resources Director, and Legislative Director, to be completed no later than February 28, 2020, unless the Secretary in his sole discretion determines that the supervised election should be conducted at a later date.

6. The supervised election shall be conducted in accordance with Title IV of the LMRDA (29 § U.S.C. 481, *et seq.*) and, insofar as lawful and practicable, and except as otherwise provided herein in accordance with Local 230's constitution and bylaws, and the American Postal Workers Union ("APWU") Constitution.

7. The parties agree that for the supervised election, the constitutionally mandated meeting attendance requirement for candidates shall be waived. The Secretary's investigation of the March 2, 2019 election found that this candidate qualification prohibited 96.67 percent of Local 230's members from being a candidate in the election, and was otherwise unduly burdensome and antidemocratic.

8. It is further stipulated that:

a. Nominations for office shall take place at a regular monthly membership meeting or by write-in request.

b. At least 30 days' notice shall be given to the membership of the time and place of the meeting where nominations will take place.

c. Written notice of nominations shall be given to the membership by First-Class U.S. Mail; the notice will also be posted on union bulletin boards and on Local 230's web page. The notice of nominations shall list qualifications for candidacy, all offices to be filled in the election, as well as the date, time, place, and form for submitting nominations.

d. An announcement of the date, time, place, and form for submitting nominations shall also be made at the monthly membership meeting immediately preceding the meeting where nominations will take place.

e. The election will be conducted by mail ballot.

f. The election of union officers shall take place no more than 60 days and no less than 30 days following the closing of nominations.

g. If the ballots serve as notice of the election, they shall be mailed to all members, not just members eligible to vote, and must include specification of the date, time and

place of the election and of the offices to be filled, in accordance with 29 U.S.C. § 481(e) and 29 C.F.R. § 452.99;

h. The individuals elected to office in the 2020 supervised election shall begin their terms of office on March 23, 2020, and shall serve until the expiration of their terms of office on March 31, 2022.

i. All decisions as to the interpretation or application of Title IV of the LMRDA, the APWU Constitution, and Local 230's constitution and bylaws relating to the supervised election are to be determined by the Secretary and his decision shall be final, subject to challenge in this Court.

j. Any protests concerning any aspect of the supervised election shall be filed in writing directly with the Secretary's designated election supervisor no later than 10 days after the completion of the ballot tally. In the event a violation affecting outcome occurs and cannot be remedied, the Secretary shall conduct a rerun of the supervised election. Candidate eligibility for any such rerun of the supervised election will be based on eligibility at the time of the original nominations for the supervised election.

k. The Court shall retain jurisdiction of this action pending completion of the supervised election. After completion of the supervised election and resolution of any disputes or challenges, the Secretary will promptly certify to the Court the names of the persons elected to serve as the duly elected officers of Local 230 for the remainder of the current term that expires on March 31, 2022.

l. The Secretary shall further certify that the supervised election was conducted in accordance with Title IV of the LMRDA and, insofar as lawful and practicable,

except as otherwise provided herein, in accordance with the provisions of the Defendant's constitutions and bylaws.

m. Upon approval of the certification, the Court shall enter a final judgment declaring that such persons have been elected as shown by the certification.

n. Each party shall bear its own fees, costs and other expenses incurred by such party in connection with this proceeding up to and including the date of entry of the final judgment.

The effective date of this Stipulation of Settlement and Order is the date the Court enters the Decree.

We so agree,

| | |
|---|---|
| Local 230, American Postal Workers Union<br>By its counsel | SCOTT W. MURRAY<br>United States Attorney |
| /s/ James A.W. Shaw<br>James A.W. Shaw<br>NH Bar No. 266358<br>SEGAL ROITMAN, LLP<br>33 Harrison Ave., 7th Floor<br>Boston, MA 02111<br>(617) 603-1432<br>jshaw@segalroitman.com | By: /s/ Michael McCormack<br>Michael McCormack<br>Assistant U.S. Attorney, NH Bar No. 16470<br>U.S. Attorney's Office<br>53 Pleasant Street<br>Concord, NH 03301<br>(603) 225-1552<br>Michael.mccormack2@usdoj.gov |
| Dated: October 17, 2019 | Dated: October 17, 2019 |

**SO ORDERED.**

_Andrea K. Johnstone_
United States Magistrate Judge

Dated: October 21, 2019