UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| EUGENE SCALIA, Secretary of Labor[1], United States Department of Labor,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>LOCAL 230, AMERICAN POSTAL WORKERS UNION,<br><br>　　　　　　　Defendant. | Case No. 1: 19-CV-00660-AJ |

**CERTIFICATION OF ELECTION BY UNITED STATES DEPARTMENT OF LABOR**

　　　　The election having been conducted in the above matter under the supervision of the Secretary of Labor, United States Department of Labor, pursuant to a Stipulation of Settlement and Order entered October 21, 2019, in the United States District Court for the District of New Hampshire, in accordance with the provisions of Title IV of the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. §§ 481-483, and in conformity with the constitution and bylaws of the defendant labor organization, insofar as lawful and practicable, therefore:

　　　　Pursuant to Section 402(c) of the LMRDA, and the authority delegated to me,

　　　　IT IS HEREBY CERTIFIED that the following named candidates have been duly elected to the offices designated:

　　　　　　Dana Coletti　　　　　　　President

　　　　　　Michael Lafayette　　　　Executive Vice President

---

[1] As of September 30, 2019, Eugene Scalia, who is serving as the Secretary of Labor, is automatically substituted as the Plaintiff in place of former Secretary R. Alexander Acosta in his official capacity in accordance with Rule 25(d) of the Federal Rules of Civil Procedure.

| | |
|---|---|
| David Webster | Secretary-Treasurer |
| Thomas Koufopoulos | Clerk Craft Director |
| Mark Lavalliere | Maintenance Craft Director |
| Tim Robichaud | Motor Vehicle Craft Director |
| Gary Barker | Nashua Logistics & Distribution Center Director |
| Vacant* | Area Business Agent A |
| Tom Gonyea | Area Business Agent B |
| Vacant* | Area Business Agent C |
| Vacant* | Secretary[2] |
| Janice Kelble | Legislative Director |

Attached herewith is a declaration setting forth the allegations in six protests of the supervised election and the Department of Labor's findings after investigating the protests.

Signed this 1st day of April 2020.

Brian A. Pifer, Chief
Division of Enforcement
Office of Labor-Management Standards
United States Department of Labor

---

* No nominations were received. Accordingly, the position will be filled pursuant to the vacancy provisions of APWU Local 230's constitution.

[2] In the course of coordinating the logistics of the supervised election, Plaintiff and Defendant became aware that the October 21, 2019 Stipulation of Settlement and Order mandated an election for one position that had been abolished (Human Resources Director), and did not mandate an election for a different union office (Secretary). Pursuant to the LMRDA and the Court's Stipulation of Settlement and Order, Plaintiff had the authority to ensure that the proper offices appeared on the supervised election ballot. See 29 U.S.C. § 482(b) (supervised election shall be "in accordance with the provisions of [LMRDA title IV] and such rules and regulations as the Secretary [of Labor] may prescribe"); Order ☐ 8.i ("All decisions as to the interpretation or application of Title IV of the LMRDA, the APWU Constitution, and Local 230's constitution and bylaws relating to the supervised election are to be determined by the Secretary . . . ."). Defendant did not object to removing the office of Human Resources Director from the ballot and including the office of Secretary.